## JOHN HORN et. a. *versus* JOSEPH WHITTIER et. a.

In an action of debt, upon a bond, given to the selectmen of a town, for the use of the town, by a collector of taxes, for the faithful performance of his duty as collector, it was held to be no objection to the validity of the bond that it was made to the selectmen as obligees.

In such a case a release of the action, by one of the selectmen, without the consent of the town, is void.

And those, who signed the bond as sureties, were held not to be in a situation to call in question the legal qualifications of the selectmen or the collector.

DEBT upon a bond, dated 26th April, 1830, given to the plaintiffs, John Horn, Joshua Furber and Daniel Nason, "selectmen of Somersworth," and to be paid to them, or their successors in office, for "the use of the said town of Somersworth."

The bond was signed by W. D. Smith, as principal, and N. Martin, J. Whittier, J. Martin and C. Bartlett as sureties.

The condition of the bond was as follows ; "Whereas the above bounden W. D. Smith hath taken upon himself the collection of the taxes, assessed on the inhabitants of said town of Somersworth, for the current year, agreeably to the list committed to him for collection ; now if the above bounden W. D. Smith shall well and truly execute and discharge the office of collector, according to law, and shall well and truly collect and pay over, to the town treasurer, the several sums of money named in his list, then this obligation to be void."

The defendants pleaded " *non est factum,*" and, according to the act to abolish special pleading, gave notice, that they should rely, among other things, upon the following grounds of defence.

1. That the plaintiff's were never legally qualified to act as selectmen of Somersworth, at any time during the year 1830.

2. That W. D. Smith was never authorized, nor qualified to act as collector of Somersworth, in the year 1830.

3. That the plaintiffs had no authority to take such a bond as that on which this action is founded.

4. That John Horn, one of the plaintiffs, on the 11th August, 1831, by deed, released this action to the defendants.

The cause was tried at January term, 1832.

Horn et a.
v.
Whittier et.
a.

It appeared that the said W. D. Smith acted as collector of taxes, for the town of Somersworth, in the year 1830, and that, having a warrant and a list of taxes from the selectmen, he collected taxes of many individuals, to the amount of $1100, and then absconded, and never paid over to the treasurer the money so collected. But it did not appear that he ever took the oath of office as collector of taxes.

It appeared by the record of the proceedings of the town of Somersworth, on the 9th March, 1830, that the town voted to raise the sum of $3500 to defray the expenses of the town the ensuing year, and that the plaintiffs were chosen selectmen. It was objected that Nason, one of the plaintiffs, was not a freeholder at any time during the year 1830. But it appeared that one Elizabeth Reynold, having been in possession of a tract of land in Alton, on 27th December, 1829, conveyed the same by deed to the wife of the said Nason.

It further appeared that Horn, one of the plaintiffs, by deed, dated August 11th, 1331, released this action to the defendants, and authorized the attorney of the defendants to discontinue the same.

A verdict was taken, by consent, for the plaintiffs, subject to the opinion of the court upon the foregoing case.

*I. Bartlett*, for the defendants, contended that the bond, having been taken in the name of the selectmen instead of the town, was void. They had no authority to take such a bond. 5 Pick. 226, *Purple* v. *Purple*.

He also objected that one of the plaintiffs was never qualified to act as selectman, and that Smith never took the oath of office.

He further urged that the release was a legal bar to the action. 3 N. H. Rep. 96, *Kimball* v. *Wilson*; 4 M. & S. 300, *Doe* v. *Brewer*; 4 B. & A. 419, *Innel* v. *Newman*; 3 B. & C. 421, *Skaife* v. *Jackson*.

*E. Cutts*, for the plaintiffs. It is contended that the plaintiffs were never legally qualified to act as selectmen

of Somersworth, at any time during the year 1830. But the plaintiffs are called, in the bond, selectmen. This is the confession, the solemn admission of the defendants, under their hands and seals, of the fact, and they are estopped to deny the fact. An estoppel is, when a man is concluded by his own act or acceptance to say the truth. Coke Litt. 352, a. And it may be by matter of record of writing, or *in pais.* Com. Dig. " Estoppel" A. 2.

A man may be estopped by matter in writing, which is not of record. As if a condition in a bond recites, that there are divers suits in the court of King's bench, the obligor is estopped to say, there are no suits there.

If a condition be to perform the covenants in an indenture, he shall be estopped to say that there is no such indenture. If a condition be, to pay money for which he is bound in a particular recognizance, he cannot say, there is no such recognizance. As many are estopped by the act done, as do it. All who sign or execute a bond, are estopped by it ; sureties as well as a principal ; 5 Dane's Digest, 384.

The obligors, in an administration bond, are estopped by it to deny that the principal was appointed administrator ; 8 Pick. 386, *Cutler* v. *Dickinson.* Those who sign a bond are estopped to deny what is recited in the condition ; 2 B. & P. 299, *Hosier* v. *Searle.*

Where a person has entered into possession of land, under another, and acknowledged his title, he cannot set up a defence, in an action of ejectment, of an outstanding title in a third person ; 6 Johns. Rep. 34 ; 1 Caine's Rep. 444 ; 2 Caine's Rep. 215.

Another objection to a recovery, in this case is, that W. D. Smith was never authorized or qualified to act as collector for Somersworth, in the year 1830.

But in the condition of the bond, Smith's acceptance of the office of collector is clearly admitted. Hence the obligors are estopped to say that Smith was not collector

Whether he was a collector, *de jure,* is not the ques

Horn et a.
v.
Whittier et,
a.
tion. It is enough that he was a collector *de facto*. 2 Gallison, 15 ; 4 Cranch, 76 ; 2 N. H. Rep. 202 ; 15 Mass. Rep. 180 ; 9 ditto, 231.

It is further objected, that the plaintiffs had no authority to take such a bond.

The statute says, that the selectmen shall take bonds to the town. This provision was inserted for the benefit of towns, and it cannot prejudice these defendants that the bond is made to the selectmen for the use of the town. It was the intention of all parties, that the defendants should be bound for the faithful discharge of the collector's duty ; and that intention should be carried into effect, unless the course attempted be manifestly illegal. The interest of the town is as apparent as if the town had been the obligee.

A bond, from the solemnity of its execution, always imports a consideration. Want of consideration can never be averred against it. 2 Mass. Rep. 159 ; 8 Mass. Rep. 200 ; 5 Dane's Digest, 172.

A bond is as valid against the sureties as against the principal. 8 Mass. Rep. 275, *Bigelow* v. *Bridge*. In *Underhill* v. *Gibson*, 2 N. H. Rep. 352, the action was brought by the selectmen of Chester, on a promise to pay for necessaries furnished to a poor family, which had its settlement in Rumney. It was held that, as the plaintiffs had taken the promise, and foreborne to prosecute Rumney according to the statute, they were liable to the town personally.

A bond, voluntarily given, upon delivery of property on bail, on application of the claimant, is good, although the condition does not conform to the statute of the United States. 1 Gallison, 476.

The same law is recognized in many cases ; 3 Greenleaf's Rep. 163 ; 5 ditto, 240 ; 5 Mass. Rep. 317 ; 8 ditto, 380 ; 9 ditto, 223.

A bond, taken with one surety, where a statute requires two, is not thereby void. 2 B. & A. 431. Al-

though a bond for the liberty of the gaol yard be not taken according to the statute, yet it may be a good bond at common law.    7 Mass. Rep. 98 and 200.

And, although an executor or administrator is not, by statute, bound to give bail on a writ of error, yet if he do it, he is bound.    2 Strange, 745 and 1137 ; 2 L. Raymond, 1327.

With respect to the release by Horn, we say that the bond, being for the use of the town, Horn, a mere trustee, could not release it.

The release, on its face, appears to have been made for the purpose of defrauding the town of the benefits to which it was justly entitled.    Under such circumstances a court of equity would set it aside, and a court of law must hold it to be invalid.

If the obligor of a bond, or the maker of a note, not negotiable, after notice that there has been an assignment of the instrument, take a release from the obligee or maker, and plead it to an action brought by the assignee, in the name of the obligee or payee, the court, on motion, will set the release aside.    1 B. & P. 447.

Upon a case of fraud, a court will control the legal power of a co-plaintiff to release.    7 Taunt. 421.

A court may order a release by a nominal plaintiff, to be delivered up.    Douglas, 407, *Payne* v. *Rogers.*

*By the court.* It is contended, in this case, that one of these plaintiffs was never qualified to act as selectman, and that Smith was never qualified to act as collector, because he had not taken the oath of office.    But we are of opinion that neither of these objections can prevail.    It is not denied that the plaintiffs acted as selectmen of Somersworth, for the year 1830, or that Smith acted as collector.    Besides the plaintiffs are recognized in the condition of the bond, as the selectmen of Somersworth, and Smith as collector of taxes.    This was sufficient to show that they were officers, *de facto,* and not mere usurpers.    And as neither the persons nor the prop-

erty of these defendants have been affected, directly, by their official acts, it is enough that they were shown to be officers *de facto.* These defendants are not in a situation to question the qualifications of these officers. 3 N. H. Rep. 408, *Moore* v. *Graves.*

Another ground of defence, upon which these defendants rely, is, that the plaintiffs had no authority to take a bond to themselves. The statute directs the bond to be given to the town. But the form of the bond is not prescribed by statute, and this, in effect, is a bond to the town. And even if the bond is not according to the statute, having been voluntarily given, it is a valid instrument in point of law, and binding upon the parties to it. 5 Peter's S. C. R. 115, *The United States* v. *Tingey.*

Another ground of defence, in this case, is, the release by one of the plaintiffs. But we are of opinion that the release is without effect. These plaintiffs are mere trustees, and no one of them can release the action without an authority from the town, for whose benefit the bond was taken. The attempt, by Horn, to discharge the action, is a fraud. 1 Chitty's R. 390, *Mountstephen* v. *Brooke* ; 1 B. & P. 447, *Legh* v. *Legh* ; 4 B. & A. 419, *Innel* v. *Newman* ; Douglas, 407, *Payne* v. *Rogers* ; 7 J. B. Moore, 617, *Manning* v. *Cox* ; 5 N. H. Rep. 268—269.

*Judgment on the verdict.*