## CARGILL *vs.* WEBB.

Trover will lie against a receipter of property attached, where there has been a demand, and a refusal or neglect to comply with it ; and his written acknowledgement, upon the receipt, admitting a demand upon him, at a certain date, is sufficient evidence.

TROVER for 251 pine logs.

Upon the trial, the plaintiff, in support of the action, gave in evidence a receipt, signed by the defendant and one Luke Williams, December 27, 1837, by which they acknowledged that they had received of the plaintiff, as a deputy sheriff, 251 pine logs, valued at $1000, which had been attached on a writ against Williams, and promised to keep the property free from expense to the plaintiff, and return it to him, or any proper officer, on demand.

Upon this receipt was the following indorsement, signed by the defendant, viz. : " Dec. 18, 1838. The within named property has been demanded of me, by William Cargill, D. Sheriff."

The only question made on the trial was whether the above evidence was sufficient to sustain this action of trover. The court directed a verdict for the plaintiff.

*Young,* for the defendant, argued that there were two classes of cases in trover. 1. Where the property comes tortiously into the possession of the party, in which case no demand is necessary. 2. Where the party obtains the possession by finding or delivery, and then a demand and refusal must be proved.

He contended, also, that a demand and refusal did not constitute a conversion, but were only evidence of it—that the court could not infer a conversion from a demand and refusal, but a distinct refusal must be proved—that a mere acknowledgment of a demand did not make out the fact of a refusal—and that the evidence was not competent to be submitted to a jury. He cited 6 *N. H. Rep.* 452 ; 2 *Stark.*

Cargill *v*. Webb.

*Ev.* 839, 42, *and note ;* 2 *Saund.* 47, c, *note ;* 1 *D. & E.* 478 ; 4 *Esp.* 156, *cited in Roscoe's Evid.* 405.

*Wells,* for the plaintiff, cited 1 *Chitty's Pl.* 153, 157.

GREEN, J. The receipt seems to have been signed by the debtor Williams, as well as the defendant ; but it must have been understood that the defendant was relied upon as receipter, for the contract of the debtor furnished no additional security whatever.

The indorsement upon the receipt, signed by the defendant, admits that a demand has been made upon him ; and although it does not contain an express admission that he had refused or neglected to comply with it, the circumstance that the defendant, after a demand is made upon him, signs a certificate of that fact, is evidence to show he had neglected to deliver the property. The defendant could have signed the certificate for no other imaginable purpose than that it might be evidence against him that a demand had been made, which he had not complied with, and thus prevent the necessity of producing witnesses to that fact, in any suit that might be commenced against him. If he complied with the demand, why sign an admission that it had been made, upon the receipt itself, and leave it in the possession of the plaintiff.

A demand with a refusal is evidence of a conversion, in such case ; and as the only question made at the trial was, whether the evidence was sufficient, the judge who tried the case was warranted in directing a verdict. Whether the evidence was sufficient to sustain the form of action adopted was matter of law. There does not appear to have been any desire that the jury should pass upon the evidence, if it was competent.

*Judgment on the verdict.*