# COOS,

## JULY TERM, 1842.

## WEBB *vs.* STEELE & a.

Trover will lie against the receipter of property attached, after a demand.

A receipter cannot be permitted to avoid his receipt, by showing that it was given after the service of the writ was completed, and that no property was in fact attached, the officer having made a return that he had attached the property.—*Semb.*

Where one person has an equitable right, or claim, against another, which he can obtain only by a suit in the name of a third person, he may use the name of that person, in an action to enforce his right; and such person cannot control the suit, nor will his admission, subsequent to the time he ceased to have an interest, be evidence to defeat it. But the holder must furnish ample indemnity for costs, if required.

A deputy sheriff made service of a writ, returning an attachment, and his bondsmen, fearing they might be subjected to loss, induced the debtors to give a receipt, with a surety, for property attached; and it was agreed between one of the bondsmen and the defendants in the original action, that when payment should be made to the deputy, the bondsman should be present. Judgment was obtained in the action, the execution put into the hands of the deputy, a demand made, and an action commenced against the receipters. About the same time, the money was paid to the deputy sheriff, the bondsman not being present, and he discharged the execution, but paid over only a part of the money to the creditors. The bondsmen were compelled to pay the residue.—*Held*, in the action upon the receipt, that notwithstanding the money was paid to the deputy when the bondsman was not present, the payment was legal, and must go in reduction of the damages.

By pleading matter arising since the last continuance, the defendant waives his former plea. Such plea, in effect, confesses the matter which was before in dispute between the parties.

The defendant pleaded a release from the plaintiff since the last continuance. The replication averred that the release was obtained from the plaintiff by the fraud and covin of the defendants, and upon this issue was joined.—*Held*, that it was not competent, under this issue, to show that the action was prosecuted for the benefit of third persons, and that the release of the plaintiff was a fraud upon them.

If the defendants had notice that the action was thus prosecuted, the party in interest, instead of replying to the plea, might move the court to set it aside, upon

Webb *v.* Steele.

the ground that the defendants could not be permitted to take and plead a release from one whom they knew was not the actual party.

And the court may order the release to be delivered up, in such case.

But the court will not interfere in a summary manner, and set aside a release, unless the fraud is made clearly to appear.

If doubts exist respecting the fact, a replication, setting forth specially that the plaintiff on the record had no interest in the suit, which was prosecuted for the benefit of others, stating their interest, and alleging that the defendants had notice of it, and that the release was made in fraud of their interest, may raise an issue to the jury.

Where a release comes in, as matter of evidence, under a brief statement, it may be shown to be fraudulent upon the trial.

TROVER for four horses and other property, valued at $530. The writ was dated May 6, 1839. At the first term, the defendants pleaded the general issue, and the action was continued.

At November term, 1841, they filed a second plea, in bar of the further maintenance of the action, alleging that since the then last continuance, to wit : on the 15th of November, 1841, the plaintiff, by his writing of release, under his hand and seal, released and discharged the defendants from all cause of action in said suit. The plaintiff replied, that the supposed writing of release was had and obtained from the plaintiff by the fraud and covin of the defendants ; and this allegation was traversed by the defendants, and issue joined upon it.

To sustain the action, the plaintiff offered in evidence a receipt given for said property, to the plaintiff, as a deputy-sheriff, stating that it had been attached on a writ, Goodall & Woods *vs.* James Steele and John Dean, and which property the receipters jointly and severally promised the plaintiff safely to keep, and to re-deliver the same to the plaintiff, or any other proper officer, in like good order and condition, on demand. The receipt was dated October 23d, 1838. Judgment was recovered in that action at the November term, 1838, and the property was demanded of the receipters on the 11th of December following, as appeared by their acknowledgment on the back of the receipt.

The defendants offered in evidence a receipt from the plaintiff, of $434.33, paid by James Steele, in full satisfaction of the execution recovered by Goodall & Woods vs. Steele & Dean, on the writ on which the property was attached, and to secure which the receipt aforesaid was given, dated May 7th, 1839. They also offered a statement, signed by the plaintiff, and dated November 20th, 1841, that he never took the property receipted for into his possession, and did not see the property at the time of the attachment; also a release and discharge of the present action, under the hand and seal of the plaintiff, dated November 15th, 1841, with an agreement that a nonsuit be entered in the same, and a letter, of the same date, from the plaintiff, to the attorney who instituted the suit, as follows, viz :

" Sir : In the action pending before the Court of Common Pleas, in and for the County of Coos, November term, 1841, and which is entered on the docket of said court in the name of Marcus A. Webb against James Steele and others, although the writ was served on Lewis H. Massure and John Dean only, and non ested as to said Steele, I have agreed with the defendants it shall be entered on the docket at said term, Neither Party. I wish you to make a disposition of said action as aforesaid. The writ in said action was served the same day the money was paid on the execution which was issued on the judgment in the action for which the receipt was given, on which the first named action is predicated. James Steele offered to pay the money a day or two before it was paid, but I was about starting to go to Colebrook, and declined taking it until I returned, and as I returned on Monday, I saw H. Lucas, Esq., who asked me if the money was paid. I told him it was not, but was ready, as I had no knowledge that this suit was brought until the sitting of the court. I then informed Esq. Lucas that the money had been paid, and he told me the action should not be entered and he would pay what cost was made. I therefore think it unjust that said action should be prosecuted against said Massure and Dean."

It was contended on the trial, that Webb, the plaintiff on the record, was not the party in interest in the suit, and had no right to discharge the action, and that these facts were known to the defendants. Evidence was offered that the plaintiff was a deputy under the sheriff, John H. White, and that Hiram Lucas, Leonard Johnson and James Richey, were his bondsmen,—that the plaintiff, as a deputy sheriff, returned the property attached on the writ Goodall & Woods *vs.* Steele & Dean, as named in the receipt, but that no receipt was taken at the time, and the bondsmen became alarmed and sent for Mr. White, that some measures might be taken for their security,—that the defendant, Steele, placed in the hands of the bondsmen a note for $500, which they were to hold until a receipt for such property was furnished, signed by Steele, Dean and Lewis H. Massure ; and it was then agreed, that when Steele was ready to pay the money, Lucas should be present. This was agreed to by said Webb, Steele and Dean. It did not appear that Lucas was present, or had any knowledge of the payment made on the execution.

There was evidence that the execution was committed to the plaintiff, for collection, and that a portion only of the amount due had been paid over by him to the creditors,—that on the 18th day of April, 1840, Goodall & Woods sued out a writ against the sheriff for the default of Webb, alleging that he had received the full amount of the execution, &c. Judgment was rendered on default, May term, 1840, and the amount of it was paid and discharged May 18, 1840, by the joint and several note of Lucas, Johnson and Richey, the bondsmen, for the sum of $128.44.

There was evidence that the receipt was sent to the attorney by Lucas, with directions to bring a suit on it ; and on the 23d of October, 1841, a notice was served on Lewis H. Massure, one of the defendants, that this suit was brought for the benefit of Webb's bondsmen.

The defendants contended that the above testimony was not sufficient to sustain an action of trover,—that there was nothing disclosed in the testimony to show that Webb had not the entire and rightful control of this suit,—and that his release and discharge of the same was valid and binding.

A verdict was taken for the plaintiff, for the sum of $130.86, subject to be reduced and amended, or set aside and judgment rendered for the defendants.

*Haywood* (of Vt.,) for the defendants. The action was improperly brought. Trover will not lie. The officer did not see the property. It was a mere nominal attachment, and the receipt was not given until some time afterwards. The ordinary course is, that property receipted goes back into the possession of the debtor.

The debt has been paid, and that operates to discharge the receipt. 11 *Mass.* 317, *Lyman* vs. *Lyman.*

Before the receipt was given, it was agreed by Steele and Dean that Lucas should be present when the money was paid; but that could not affect Massure, who came in as a receipter afterwards.

The discharge is good. It is good under this state of the pleadings. The plaintiff replies that the discharge was obtained by fraud. But there is no evidence to show that.

The proper course would have been, if the discharge was procured in fraud of third persons, to have set forth their interest, and alleged a fraud upon them. Here is no fraud upon the party. No allegation of any assignment and notice. 3 *Chitty's Pl.* 963, *n.* 1.

*Young & Wells*, for the plaintiff. Property was attached and returned in this case. Webb's declaration that he did not take the property into his possession, should not affect the case. *Cargill* vs. *Webb, Coos, July Term*, 1839.

We plead that the release was obtained by fraud. The facts show that it was fraudulent. If effectual, all the ben-

Webb *v.* Steele.

efit of the receipt is to be lost to the bondsmen. Massure was notified that these proceedings were for the benefit of the bondsmen.

We do not admit that the money was paid to Webb. The receipt for it was given to be used as circumstances might require. But if the money was paid, it was in violation of an agreement previously made. In pursuance of that agreement, the receipt for the property was made and delivered to the bondsmen. It was agreed that it should be put into the hands of the bondsmen. The great question is, whether Webb had the power to defeat their security.

PARKER, C. J. The defendants by their receipt acknowledged that they received the property claimed in this suit, and promised to return it. Having failed to do this, when demanded, trover will lie. *Cargill* vs. *Webb*, (10 *N. H. Rep.* 199.)

Two of those who signed the receipt seem to have been defendants in the action upon which the attachment was made, and it does not appear that the third did not receive the property into his possession. If he did not, it may well be doubted whether he or they could be permitted to show that fact in avoidance of the receipt, the officer having made a return that he had attached the property. Had the receipt been given at the time of the service of the writ, such evidence could not have been received to contradict and avoid it. 8 *N. H. Rep.* 234, *Morrison* vs. *Blodgett;* (12 *N. H. Rep.* 344, *Bruce* vs. *Pettingill.*) And it is not apparent why a different rule should be applied to a receipt, fairly given, for the same purpose, at a date subsequent to the attachment, even if the property remained during the time in the possession of the debtor, or even if the attachment were nominal, without any possession of the property on the part of the sheriff.

If the action had been tried upon the general issue, the

Webb v. Steele.

plaintiff, on the case before us, would have been entitled to a verdict with nominal damages.

The receipt was given for the property attached, October 23, 1838. Judgment seems to have been recovered November term, 1838, and upon the 11th of December following a demand was made upon the defendants. Their neglect to deliver the property, according to the terms of their contract, was a conversion, for which this action was well commenced, May 6, 1839. At the time of its commencement the defendants were liable to pay the value of the property, or so much of it as was necessary to satisfy the execution. The subsequent payment of the execution did not defeat the right of action which had accrued, but was effectual to reduce the amount of the recovery to nominal damages. Such would have been the result if Webb had been the plaintiff in interest, but for his release, and this release cannot affect the plaintiffs in interest. The action was commenced for their benefit, Webb being only a nominal party, of which one of the defendants had notice.

The general principle deducible from the cases, and from the ordinary practice, is, that when one person has an equitable right, or claim, against another, which he can obtain only by a suit in the name of a third person, he may use the name of that person in an action to enforce his right. And such third person cannot control the suit, nor will his admission, subsequent to the time he ceased to have an interest, be evidence to defeat it. 6 *Pick. R.* 322, *Eastman* vs. *Wright;* 13 *Mass. R.* 304, *Jones* vs. *Witter;* 8 *Greenl. R.* 77, *Hackett* vs. *Martin;* 1 *Fairf. R.* 420, *Matthews* vs. *Houghton;* 20 *Johns. R.* 142, *Frear* vs. *Evertson.* But the holder must furnish to the plaintiff on the record ample indemnity against costs, if required.

The plaintiffs in interest, being the bondsmen of Webb, the plaintiff on the record, have contended that this payment of the execution ought not to avail, because the receipt was taken at their instance, and for their benefit, and because the

payment on the execution, as they allege, was received by the plaintiff on the record, in violation of an agreement made with them that Lucas should be present when the money was paid. They intended by this arrangement to secure the payment of the money to the creditors, whenever the execution was satisfied. But the fact that Webb received the money, and applied it to the discharge of the execution, in violation of this agreement, and the fact that he has paid over but part of the amount thus received, cannot alter the case.

The argument overlooks the object and purpose for which the receipt was given, and the security which was effected by it.

Where an attachment has been made, and a receipt taken, it stands as security that the property shall be forthcoming when demanded, or the debt be otherwise satisfied. If, before judgment, and before any demand, the action is settled, the receipter is thereby discharged. 10 *N. H. Rep.* 9, *Whitney* vs. *Farwell.* And so a payment of the execution, after judgment, discharges the receipt, unless there has been a previous demand creating a cause of action. The receipt is not a security that the money, when collected upon the execution, shall be paid over to the creditor. With that the receipters, as such, have nothing to do. And it does not appear in this case that they have assumed any obligation beyond that imposed by the receipt. The fact that the bondsmen of the plaintiff were active in procuring the receipt, cannot extend the obligation of it beyond its ordinary import. Although the receipt was taken at the instance of the bondsmen, and for their security, when the execution was delivered to Webb for collection he had a right to receive the money and discharge it. It was placed in his hands for that very purpose. And when he received the money, and discharged the execution, the purpose of the receipt was answered, although a cause of action remained, by reason of the breach of the obligation which occurred upon the pre-

vious demand and the neglect to deliver the property. The payment of the execution subsequent to that, as we have seen, could only be given in evidence to reduce the damages, not to defeat the action entirely.

Whether Webb, paid over the amount received, might be a matter of much import to his bondsmen ; but the receipt cannot be held to be a contract securing the payment of the money by Webb to the creditors, when collected upon the execution. Nor can the fact that Webb, Steele and Dean agreed that Lucas should be present when the money should be paid upon the execution, alter the case. Massure was no party to that agreement, and it could not extend any liability upon the receipt. It was a personal arrangement among those who made it, which cannot have a legal effect upon this action.

It does not appear that the execution was discharged collusively without payment, and it is not necessary, therefore, to consider what effect such a circumstance might have had upon the case.

The plaintiffs in interest should have taken measures to have the execution placed in the hands of some other deputy than Webb ; or if they could not avoid that, they might have protected themselves by a settlement with the creditors, after the demand upon the receipters.

We have thus far considered the rights of the parties, as they would have existed had the case been tried upon the issue first joined.

But the plea subsequently filed, at November term, 1841, and the issue joined on that, lead to a different result.

By pleading *puis darrein continuance* a defendant waives his former plea. 1 *Ld. Raymond* 693, *Barber* vs. *Palmer ; Freeman's R.* 252, *Abbot* vs. *Rugesley.* It is said to be dangerous to rely upon such a plea without due consideration, for it confesses the matter which was before in dispute between the parties. 3 *Black. Com.* 317 ; *Bull. N. P.* 309 ; *and see Cro. Eliz.* 49, *Cockaigne* vs. *Witnam.*

Webb *v.* Steele.

The defendants having pleaded a discharge by the plaintiff, since the last continuance, the replication filed alleged that the release was obtained from the plaintiff by the fraud and covin of the defendants ; and this averment is traversed, and issue joined upon the traverse.   The only matter therefore to be tried in the case was, whether this discharge was thus obtained by a fraud upon Webb, the plaintiff on the record ;  and of this there is no evidence whatever.

The testimony adduced tended to show that third persons had an interest in the suit, and that a release by the plaintiff, if admitted, would operate as a fraud upon them.   But the pleadings raise no such question.   The replication alleges fraud upon the plaintiff, generally, and by that the plaintiff on the record must be intended.   If there were any fraud, the evidence shows the plaintiff a party to it, and not the subject of it.

On the present pleadings, therefore, the defendants are entitled to a verdict.

On the evidence before us, the plaintiff's bondsmen had a right to commence the suit in his name.   They were as equitably entitled to maintain an action upon it as the creditors would have been had it been handed over to them for their security.   It is clear that Webb had no right to release. Instead of replying to the plea of release, they should have moved the court to set it aside, upon the ground that the nominal plaintiff had no interest in the suit ; that his release was a fraud upon those who had ; and that the defendants knew this, and could not therefore be permitted to obtain and plead a release from one who was not the actual party.   1 *Salk.* 260, *Anonymous ;* 1 *Doug.* 407, *Payne* vs. *Rogers ;* 7 *Moore* 617, *Manning* vs. *Cox ; Chitty on Con.* 779, *5th Am. Ed. and cases cited ;* 1 *B. & P.* 447, *Legh* vs. *Legh ;* 7 *Taunt.* 48, *Hickey* vs. *Burt ;* 4 *B. & Ald.* 419, *Innell* vs. *Newman ;* 7 *Taunt.* 9, *Doe* vs. *Franklin ;* 6 *N. H. Rep.* 88, *Horn* vs. *Whittier.*   The court may order the release to be delivered up in such cases.   But courts of law will not

Webb *v.* Steele.

interfere in a summary manner, and set aside a release, unless the fraud is clearly made to appear. *5 Bing. N. C.* 688, *Crook* vs. *Stephens.*

If doubts exist respecting the fact, a replication, setting forth specially that the plaintiff on the record had no interest in the suit, which was prosecuted for the benefit of others, stating their interest, and then alleging that the defendants had notice of this, and that the release was made in fraud of their interest, may raise an issue to the jury. *Craib* vs. *D'Aeth*, 7 *D. & E.* 670, *note b;* 6 *Pick. R.* 323, *Eastman* vs. *Wright.*

Where a release comes in as matter of evidence, under a brief statement, it may be shown to be fraudulent, upon the trial.

The verdict for the plaintiffs must be set aside; but as there has been a mistake in the pleadings, as well as in the trial, instead of entering judgment for the defendants, we may, if the party in interest desire it, give them leave to withdraw the replication, and leave the case for further proceedings.

*Verdict set aside, and leave to withdraw the replication.*