# F. SISSONS et a. *versus* JOHN W. BICKNELL.

The third section of the statute of limitations, which provides that when the defendant has resided out of the state and not left property within the state that might have been attached, the plaintiff shall have six years to commence his action, exclusive of the time the defendant has been thus absent, applies to defendants who have never been inhabitants of this state.

In such a case there must have been property of the defendant in the state, which might have been attached during the term of six years, to constitute a bar to the action.

ASSUMPSIT, for $100, money had and received. The defendant pleaded the statute of limitations. To this the plaintiffs replied, that, at the time when the cause of action accrued, and ever afterwards, the defendant resided in Vermont, and did not leave property in this state that could be attached. To this the defendant rejoined, that he left property within the state, which might have been attached, and upon this issue was joined.

The cause was submitted to the decision of the court upon the following facts.

In the year 1821, the defendant received $100 for the use of the plaintiffs. He never resided in this state, but, since the year 1819, has always resided in Vermont.—Since the year 1821, the defendant has often been in this state with his horses and oxen, and had cattle pastured in this state during the summer of 1825. On the 26th June, 1820, lands were conveyed to him in this state, in mortgage, to secure the payment of a note for $200, and the deed acknowledged and recorded. The plaintiffs have never resided in this state, but are residents in the state of Rhode Island.

*Wells* and *Smith*, for the plaintiffs.

*Young*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The statute of limitations provides, that actions on the case should be barred unless commenced within six years next after the cause of action. But the third section declares, that if, at the time the cause of action accrued, or afterwards, the defendant resided without the limits of the state, and did not leave property or estate therein, that could by the common and ordinary process of law be attached, the plaintiff shall be at liberty to commence his action within six years after the cause of action, exclusive of the time during which the defendant shall have resided without the limits of the state as aforesaid.

It is very obvious, from the language of the third section, that the statute runs only while the defendant, who is out of the state, has property here, which can be attached.

But it is contended, that, as the defendant was never an inhabitant of this state, the case is not within the third section of the statute. It is argued that the statute embraces only inhabitants of this state who have gone abroad and left no property, that could be attached. The statute speaks of their leaving property, which certainly gives some countenance to the supposition that the case of inhabitants leaving the state was in the immediate contemplation of those who made the act. But that circumstance is much too slight to sustain a construction so narrow, as that for which the defendant's counsel contends.

Upon a similar exception in the statute of Massachusetts, it has been decided that the exception embraces those who were never resident in the commonwealth. 7 Mass. Rep. 515, *Dwight* v. *Clark* ; 11 Pickering, 39—40.

This decision is in strict accordance with other decisions in analogous cases. 17 Mass. Rep. 180, *Wilson* v. *Appleton*; 14 ditto, 203, *Hall* v. *Little*; 3 Wilson, 145 ; 2 W. Bl. 723 ; 3 Johns. 266—267 ; 10 ditto, 465.

We are, therefore, of opinion that the case is within the meaning of the third section in the statute.

Sissons et a.<br>v.<br>Bicknell.

It is then clear that this action is not barred by the statute.

The land mortgaged to the defendant may be laid out of the case, because the interest of a mortgagee in land cannot be attached.   5 N. H. Rep. 430.

And, admitting that oxen and horses, casually in the state, with the defendant, may be considered as property left, within the meaning of the statute, still it does not appear that the defendant has had property in the state, during the term of one year, since the cause of action accrued.

To maintain the issue on his part, it was necessary for the defendant to show, that he had property here that might have been attached during the term of six years after the cause of action accrued, and before the commencement of this suit.

*Judgment for the plaintiff.*