# REPORTS.

## STRAFFORD,
### JULY TERM, A. D. 1843.

## Dow, Admr., *vs.* SAYWARD.

The interest of one partner in the property of the company, though incapable of actual seizure and reduction into possession, is liable to attachment and levy, and sale upon execution.

The peculiar nature of the interest, though such as to allow the security to be impaired, constitutes no exemption.

Whether the attaching creditor may not have an injunction from this court, to restrain the debtor, or his partners from any acts inconsistent with his lien, by attachment on his debtor's interest, *quære?*

Where the partnership was in a line of stages between D. in this state, and A. in the state of Maine, and the stage was run into this state, and a part of the property kept here a considerable portion of the time, but all the partners lived in Maine and the place of business of the partnership was there, whether the interest of a single member of the partnership was attachable in this state, *quære?*

And whether it must not have been of sufficient value to satisfy the plaintiff's demand, *quære?*

The statute of limitations is no bar to an action where the defendant has resided without this state, unless he has had attachable property within the state during the full uninterrupted term of six years.

Where a party took a conveyance of land in this state in trust, to sell and account for the same to his grantor, but gave his note for the amount of the consideration stated in the deed, which note was after sued by such grantor, and the same land was set off to him in satisfaction of the judgment and execution obtained thereon; it being agreed that said conveyance was so made, in trust for the grantor, it was *held*, that the real estate so conveyed to and held by him, was not property of the grantee, within the meaning of the statute of limitations.

Dow *v.* Sayward.

Where such a deed in trust was recorded, (though not acknowledged,) and no *actual* knowledge of the same brought home to the creditor, if he were to be charged in any way with *constructive* notice, it must be constructive notice of the whole matter, viz: of the trust as well as of the deed.

Whether a creditor who had actual notice of such a deed, but no knowledge of the trusts, might not, in the case above stated, have attached and levied on the estate so conveyed, in satisfaction of a debt of the grantee, *quære ?*

Attachable property in the state, within the meaning of the statute of limitations, must be not merely that in which a party had legal title, but such as was justly and equitably subject to his debts.

ASSUMPSIT for a note for $111.34, dated June 7, 1826, made by one John Sayward and the defendant, and drawn payable to Jabez Dow, the plaintiff's intestate, or his order, on demand and interest. The writ was dated July 22, 1839.

PLEA, the general issue and the statute of limitations.

A report of a former trial of the case may be found 12 *N. H. Rep.* 271.

Some further evidence was offered on this trial.

It appeared that Jabez Dow died on the 9th of January, 1839, and that he resided at Dover.

The defendant had never been an inhabitant of this state, but he offered the following evidence, for the purpose of showing that for several years before the death of Jabez Dow he owned property in this state which might have been attached. On the 2d of July, 1825, Richard Philpot conveyed to the defendant a tract of wood-land, not enclosed or cultivated, situated in this state ; the deed of the same was not acknowledged, but was recorded April 12, 1826. It was agreed that the conveyance was made to the defendant to hold the land in trust to sell and account for the proceeds to said Philpot. The defendant gave a note for the same, for the sum of $2500, which was the consideration named in the deed. On the 2d of June, 1827, said Philpot sued the note and attached the land, and on the 24th of August, 1827, it was set off to him in satisfaction of the judgment recovered on said note.

It appeared also in evidence that on the 9th of March, 1833,

Dow *v.* Sayward.

the defendant purchased one eighth of the stage property running from Dover, N. H., to Alfred, in the state of Maine, the whole of said property being estimated at $1212.50. June 10th, 1833, he also bought two shares in said property, reckoning the whole at 26 shares. February 24th, 1834, he purchased another eighth and also two additional shares. In 1835 he sold one quarter of the property to one Scruton. The defendant has never owned less than four shares in said property since his original purchase, and has usually owned one quarter part of the same. Said stage line has been known as the Dover and Alfred Stage Company, and the taxes so assessed. The stages and stage books have been labelled Dover & Alfred Stage. The proprietors have always shared equally in profit and loss in proportion to their respective interests in the property, and the property has been managed either by the common consent and direction of the proprietors, or by an agent acting for them. The names of the proprietors did not appear upon the stages or books of the Company.

The plaintiff contended that said Jabez Dow had no notice of the defendant's interest in the property, either actual or constructive, and that there was nothing tending to indicate such ownership, so as to put the said Dow on inquiry in relation to it. Testimony was submitted as to these points, and the jury were instructed to find as to the fact of actual notice, or whether there was such notoriety in the defendant's ownership, with such means of knowledge on the part of Jabez Dow, as to constitute evidence of constructive notice ; or whether such circumstances were brought home to the knowledge of the said Jabez Dow, tending to show the defendant's ownership of the property, as should have put him on inquiry, so that with ordinary diligence he might have learned of such ownership.

The jury found that Jabez Dow had such evidence as early as 1833, tending to show the defendant's interest in the stage line from Dover to Alfred as should have put him on

inquiry, so that with ordinary diligence he might have learn-ed the defendant's interest in it.

It appeared that jurisdiction of this suit was given to the court by attachment of the defendant's interest in the stage property referred to in this case.

It was agreed, that upon the facts found by the jury, and the foregoing facts as drawn up, this court should render such judgment for the plaintiff or defendant, or make such order in relation to the suit, as they deemed proper.

*W. A. Marston,* for the defendant.

*Dow,* of Mass., and *Christie,* for the plaintiff.

PARKER, C. J.   The owners of the stage property appear to be partners, not only as respects those dealing with them, but as respects each other.   *Chitty on Contracts.* (5 Am. Ed.) 232, *and cases cited ; Gow on Partnership* 2, *and note.* They share the profit and loss of the business in proportion to their respective interests, and there is nothing to negative an intention on their part that their association should consti-tute a partnership and that their rights and liabilities should be regulated accordingly, not only as to third persons but as between themselves.

Such being the case, the interest of each partner in the partnership might be taken and sold on execution.   8 *N. H. Rep.* 238, *Morrison* vs. *Blodgett.*   If no account of the in-terest could be taken before a sale, purchasers might have but limited means of ascertaining the value of the interest to be sold, but this cannot exempt the property from seizure and sale.

Neither will the fact that the interest of a partner is of a nature that is incapable of actual seizure and of a reduc-tion into possession, exempt it from a seizure and sale upon execution.   Equities of redemption and other interests are of that character, but are nevertheless subject to an execu-tion at law.

It follows, then, that the interest of the defendant in the property of the stage company was liable to attachment. Whatever may be the subject of levy and sale, may be the subject of attachment.

It is true that there is difficulty in securing the interest of one partner by an attachment, so that he or his partners, through their right to hold the property, may not impair the security. This subject was adverted to in *Morrison* vs. *Blodgett*, before cited.

Perhaps it cannot be done without some further legislation, unless it be through the aid of chancery by means of an injunction. But the difficulty of effectually securing the interest of one partner by an attachment, so that the other partners, or the debtor himself, cannot, through the right of the other partners to retain the possession of the property, impair the security, by no means proves that such interest is not attachable.

It may, notwithstanding, be attached, and the creditor will thereby gain a prior right to have it applied in satisfaction of his judgment. And should the debtor or his partners attempt to avoid the effect of the attachment, the creditor may perhaps on application to this court, obtain an injunction to restrain them from any acts inconsistent with his right to have the interest of his debtor sold upon the execution.

If it had appeared that all the partners lived in Maine, and that the place of business of the partnership was there, it might be doubtful whether the interest of the defendant in the partnership could be said to exist in this state so as to form the subject of attachment here, notwithstanding the stage was run into this state, and that a part of the property was here a considerable portion of the time.

The case is not explicit upon this subject, and it has not been adverted to in the argument.

Nor does it appear, by any direct proof or admission, that the interest of the defendant was of sufficient value to sat-

isfy the plaintiff's demand ; and it may well be questioned whether it would take the case out of the exception and bring it within the operation of the statute unless it were so. The question whether the statute will operate to bar a demand where the debtor is without the jurisdiction and there is not sufficient property to satisfy the debt, so that the creditor can neither obtain satisfaction of his demand nor a judgment which will be available in any other jurisdiction, need not be settled upon this occasion.

Assuming that the partnership is carried on in this state so that the interest of the defendant might well be attached and sold here, and that this interest was of sufficient value to satisfy the plaintiff's demand, the defence must fail for another reason.

In order to bring the case within the statute, the defend-ant not having resided in this state, there must have been property of the defendant here which could have been at-tached for the full term of six years before the decease of the plaintiff's intestate, the action having been brought within the period allowed after his decease. 6 *N. H. Rep.* 557, *Sissons* vs. *Bicknell.*

The defendant's interest in the stage company had not existed six years before the decease of the intestate, so that unless the defendant had other attachable property here prior to that time, there is no sufficient defence.

In order to show that he had property here during the full term, the defendant relies upon the title to certain real estate of which a deed was executed to him in 1825, as appears in the case. But the case finds that he was never in fact the beneficial owner of this property, although he held the legal title. He held that title only in trust to sell it and account to the grantor. It is true that he gave his note, and that note was afterwards sued and the title to the property re-transferred to the grantor by means of the judgment. But this note was not in fact a consideration for a sale, but a means to enable the grantor to regain his property as he did,

or to obtain the value of it. Notwithstanding this, it is expressly agreed in the case that the conveyance was in trust to sell and account for the proceeds to the grantor.

After much consideration, we are of opinion that this is not to be considered the property of the defendant, within the meaning of the statute.

If the plaintiff's intestate, having knowledge of the deed, and having no knowledge of the trust, might have sued this note and have obtained satisfaction of his debt, notwithstanding the deed to the defendant was not acknowledged, (which is very probable,) it does not appear that he had any actual knowledge of the existence of the deed to the defendant. He had, then, no actual knowledge of any means of securing his debt. If it should be held that he is chargeable with notice of the deed because he might have learned its existence by inquiry, he should be held chargeable with notice of the facts as they actually existed. He ought not to be held chargeable with constructive notice of the deed and not of the trust. If he had not actual notice, he can at most be charged with notice of the facts as they existed, and as he might have learned them on inquiry, and this would be notice that his debtor, although he had a deed, had no equitable interest in the land, and that he ought not in equity to attach and apply it to the payment of his debt.

If the creditor might have attached the land, and thereby secured his debt, it does not lie in the mouth of the debtor, who in fact held it in trust for another, to say that he ought to have done so. He cannot allege that this was property which should rightfully have been applied to the payment of his debt ; and if the creditor might have applied this property in discharge of his debt, because his debtor had a legal title apparently absolute, he may well say, when the trust now appears, that he was not obliged to do so, and is not to be prejudiced because he did not do it. If the defendant, not having been within the state, would bring his case within the statute, he should show not merely that there was prop-

erty here to which he had a legal title, but property which was his, and justly and equitably subject to his debts.

That this was not so is very clear, and there must, therefore, be

*Judgment for the plaintiff.*