## SMITH *vs.* BROWN.

The statute law of this state authorizes the amendment of an action, originally brought against two, by striking out the name of one of them.

No amendment which does not tend to increase the liability of the defendant, will discharge a receipter from his responsibilities.

An amendment like that mentioned above will not discharge a receipter.

Whether an attachment is a lien, within the saving of the second section of the U. S. Bankrupt Act of 1841, *quære ?*

It certainly becomes a perfect lien by the rendition of judgment against the defendant.

The discharge of the defendant as a bankrupt, granted subsequently to the rendition of judgment, will not discharge the receipter.

A demand made upon the receipter within thirty days after judgment in such a case, will fix the liability of the receipter.

TROVER. The writ bore date July 8, 1842, and was founded on three receipts, given by the defendant to the plaintiff, for property attached by him as a deputy sheriff on a writ John L. Perley *vs.* John L. Perley and William Brown, as copartners, dated April 10, 1840. Two of said receipts were dated April 13, and the other April 14, 1840. The last

named writ was entered at the next August term of the court of common pleas, when it was amended, by leave of court, by striking out the name of John L. Perley, one of the defendants; and judgment was rendered for the plaintiff in March, 1842, and a demand was made upon the present defendant, for the articles receipted for, within thirty days thereafterwards. The property went into the possession of the defendant at the date of his receipts.

William Brown, a defendant in the original suit by Perley, petitioned in bankruptcy, Feb. 15, 1842, and was discharged Sept. 21, 1842.

The writ, Perley vs. Perley and Brown, was founded in part on an account annexed, which contained items against Brown individually, and others against Perley and Brown as partners, but judgment was rendered only on the items against Brown individually.

*W. C. Clarke*, for the plaintiff, supposed several questions would be raised by the defendant, viz. :

1. Was not the receipter discharged by the amendment? *Answer :* He was placed in no worse position by the amendment. The property went into his possession, so that he is in no way damnified by the receipt. The amendment was one warranted by statute. Of this statute the receipter is presumed to have had knowledge, and when incurring the liability must have supposed that an amendment might be thereafter made.

2. It may be said that W. Brown, the debtor, went into bankruptcy. But this claim is one of the liens excepted by the second section of the Act, 5 *Law. Rep.* 55, *Exparte Foster*. The judgment in Perley's favor obtained in March, 1842, perfected the lien, according to the case in the *matter of Cook*, 5 *Law. Rep.* 443, and the liability of the receipter was then fixed.

*Hazelton*, for the defendant. Whatever operates to dis-

charge bail, will operate to discharge a receipter. As to what would discharge bail, see 1 *Pick.* 204. And the amendment filed in the action by Perley had that effect.

William Brown has been discharged from his debts, as a bankrupt. A discharge before bail have been fixed, discharges the bail. 1 *Mass.* 292 ; 2 *Mass.* 481.

*Lyford,* in reply. In order to discharge a receipter, a new cause of action must be introduced. This receipter was bound to know that, if by striking out the name of Perley, any change were made, it was to lessen the amount which might be recovered.

PARKER, C. J. The amendment allowed in the action by Perley, and which consisted in striking out the name of one of the two originally summoned as defendants, was lawfully made under the provisions of our statute law. The amendment could not operate to the prejudice of the receipter ; and, as in cases of bail and attachments, no amendment which does not tend to increase the liability of the defendant will discharge the receipter from his responsibilities. This was not such an amendment. 5 *Pick. R.* 303, *Ball* vs. *Claflin ;* 8 *Pick. R.* 412, *Miller* vs. *Clark ;* 14 *Pick. R.* 177, *Seeley* vs. *Brown ; same* 223, *Lord* vs. *Clark ;* 19 *Pick.* 117, *Whitwell* vs. *Brigham ;* 18 *Pick.* 238, 243, *Adams Bank* vs. *Anthony.* On the contrary, its effect was rather to lessen that liability, and so no one was injured, unless this receipter was in some way entitled to have the action remain in a situation in which it could not be prosecuted to judgment ; which he clearly was not.

The receipter was not discharged from his liability by the discharge of Brown under the bankrupt act of 1841. To show this, it is not necessary, at the present time, to go into the question whether a mere attachment is or is not a *lien* within the proviso of the second section of that act. Whether an attachment is or is not, in other cases, such a

Smith *v.* Brown.

lien while the action is still pending, is not now the question. In the present case judgment has perfected the claim. William Brown did not obtain his discharge until September 21, 1842. Judgment had been rendered against him in favor of Perley in March, of the same year. At the time of rendering judgment, therefore, Brown had no defence to the action, and a demand having been seasonably made upon the present defendant, his liability was fixed thereby. No subsequent discharge of the bankrupt can relieve him from that liability.

*Judgment for the plaintiff.*