## Towle *vs.* Robinson & a.

It is no defence to an action by a deputy sheriff, founded upon a receipt taken by him for property attached, that, after judgment against the debtor, and a de-

mand of the property, the debtor was declared a bankrupt; even if the petition in bankruptcy was filed before judgment was rendered.

ASSUMPSIT, on a promise in writing, signed by the defendants, to deliver to the plaintiff, a deputy sheriff, certain articles of personal property attached as the property of Nathan B. Folsom, and deposited by him in the hands of the defendants. The case was submitted on a statement of facts.

On the 5th of October, A. D. 1840, the plaintiff attached the property in question as the property of N. B. Folsom, upon a writ, and on the 22d the defendants receipted for it, promising to deliver it to the plaintiff, on demand, or pay the sum of $500. Judgment was obtained September term, A. D. 1842, and execution issued September 16th, and was delivered to the plaintiff, who, on the next day, demanded the property attached of the defendants. They did not deliver it, and this suit was commenced on the 19th, and service made the same day upon the defendants. On the 18th of November, A. D. 1842, Folsom made a mortgage of real estate to the defendants, to indemnify them for signing the receipt. On the 10th of August, A. D. 1842, Folsom filed a petition to be declared bankrupt. On the 25th of October, A. D. 1842, he was decreed bankrupt, and has since received his discharge. The defendants contended that by such discharge the plaintiff and Folsom were divested of all the interest and property which either of them had in the goods attached, at the time Folsom filed his plea in bankruptcy.

*Emery*, for the plaintiff.

*Odell*, for the defendant.

PARKER, C. J. It may be true that Folsom and the plaintiff are divested of all title to the goods which were attached. If the attachment was dissolved when the receipt of the defendants was executed, the property may have passed to the assignee, discharged from the lien of the attachment. But it will by no means follow that the contract of the defendants, upon which this action is founded, is discharged also. It was founded upon a sufficient

consideration when it was executed, viz., the delivery of the property to the defendants. That consideration has not failed. That contract is not discharged or affected by the bankruptcy of Folsom. The plaintiff's right of action was perfect before Folsom was declared a bankrupt. The security was perfected, therefore, and the case raises no question whether an attachment is dissolved by a petition and decree of bankruptcy.

*Judgment for the plaintiff.*