## HILL *v.* WIGGIN.

As between creditor and debtor, goods mortgaged to a third person may be attached, if the mortgagee does not complain.

Goods belonging to a partnership cannot be seized and taken into possession by an officer, upon an attachment against one of the partners, for his individual debt.

A receiptor for property belonging to a firm, attached for the debt of one of the partners, cannot be charged by the sheriff, if he has suffered it to remain in possession of the partners.

A receiptor's liability is fixed by a demand and neglect to deliver the property. A showing of the property to the officer afterwards, with a request to him to take it, will not make any difference.

TROVER, for a stage coach and a stage sleigh.

The parties agreed upon a statement of facts substantially as follows:

On the 15th of June, 1852, the plaintiff, being then and still sheriff of this county, attached the coach and sleigh, by virtue of a writ against one C. O. Osgood, and made due return of the attachment on the writ. The defendant then made to the plaintiff a receipt, as follows:

" Received of Bartlett Hill, sheriff, one stage coach, valued at one hundred dollars, and one stage sleigh valued at fifty dollars, property belonging to Carlton O. Osgood, and the same that is now in his possession, attached on a writ this day, Pecker and Wetherbee against Carlton O. Os-

good, all of which I agree to deliver said Bartlett Hill, on demand, and free of cost for keeping.

BRADSTREET WIGGIN."

But did not, at any time, take the property into his possession.

Osgood had formerly owned this property in severalty. He purchased it of Harrison Messer, and mortgaged it back to him to secure the payment of the price. Before the attachment, Osgood conveyed one half the property to one John E. Little, with whom he entered into partnership, and he was not afterward the sole owner of any such property. After the attachment and before judgment, Osgood conveyed his interest in the property to one Prescott, and afterwards Little conveyed his interest to said Prescott, and afterwards Prescott conveyed the whole to one Burnham.

At the time of the attachment, the mortgage to Messer was subsisting undischarged, but Messer never took possession of the property, nor took any steps to foreclose the mortgage, and in March, 1853, it was discharged.

Judgment was rendered against Osgood in September, 1853, and the plaintiff duly demanded the property which was not delivered. The next day after, and before the thirty days had expired, the defendant exhibited the coach and sleigh, formerly owned by Osgood, to the plaintiff, while standing in Burnham's yard, but the plaintiff declined to receive them.

It was agreed that judgment should be rendered for the plaintiff, or the defendant, as the superior court should determine.

*E. A. Hibbard,* for the plaintiff.

It is well settled that trover lies. *Stevens* v. *Eames,* 2 N. H. Rep. 572. One question is, had Osgood, at the time of the attachment, any interest in the coach and sleigh, which could be attached on his private debt, and did the plaintiff attach that interest? If so, there is an end to the

defendant's case ; and if not, it by no means follows that the plaintiff's case is gone. If he had an attachable interest, and the plaintiff attached that interest, the defendant's exhibition of the property to the plaintiff, in Burnham's yard, after Osgood had parted with his interest, and after a right of action had accrued to the plaintiff, was, of course, ineffectual. The plaintiff might well decline to take property belonging to Burnham, on an execution against Osgood. *Clark* v. *Morse*, 10 N. H. Rep. 239. If Osgood had an attachable interest, this circumstance cannot now afford a defence to this action. It is agreed on all hands that where a nominal attachment is made and a receipt taken, the receipter is estopped from denying that the property was attached and delivered to him. The last paragraph, in the opinion of the court, in *Morrison* v. *Blodgett*, 8 N. H. Rep. 255, applies here. The attachment there was not, in any respect, more a nominal one than in the case at bar. But where the property belonged to a third person, and is taken from the receipter by the lawful owner, this is a taking by paramount title and discharges the receipter. But not so, if the property is permitted to go back into the hands of the debtor. See argument of counsel and cases cited in *Morrison* v. *Blodgett*, 8 N. H. Rep. 240. There is a reason for this. As the case is silent on the subject, it is to be presumed that no question was made at the time the receipt was given, with regard to the validity of the attachment. Now the defendant either had or had not knowledge that the validity of the attachment was to be questioned. If he had knowledge, then he was guilty of a fraud upon the plaintiff, and ought to be held to the strict performance of his contract. If he had not knowledge, then he ought to be held liable to the extent that he intended to make himself liable, viz. : that property of Osgood should be forthcoming, whenever judgment was rendered, to respond to the judgment, or he would be personally responsible. Where the receipter trusts to the property, and it is taken from him by one having a

Hill v. Wiggin.

better right than he, it is proper that he should be discharged from delivering it to the sheriff; but where he relies on the responsibility of the debtor, and does not take the property into his possession at all, but, in substance, assumes a liability to stand as security for the debt, to the extent of the value of the property, he is not in a position to claim any indulgence. In *Webster* v. *Harper*, 7 N. H. Rep. 394, it was distinctly understood, at the time the receipt was given, that the validity of the attachment would be disputed, and that the defendant did not profess to assume any real responsibility. There was, therefore, no occasion for holding, in that case, that the liability of the receipter was fixed by a demand and refusal, the same as if the attachment had been a nominal one.

The only plausible answer to all this is, the exhibition of the coach and sleigh in Burnham's yard. But if proof of ownership in a third person is of no avail, without proof that the property was taken from the receipter, by the owner, why should it avail to exhibit the property in the hands of the third person? In other words, if proof that the property, from any cause, was not attachable, is of no avail where the property went back into the debtor's hands, why should it avail to exhibit the property (not attachable) where-ever found? In this case, it amounted to no more for the defendant to exhibit the property to the plaintiff than it would if the plaintiff had casually seen it in Burnham's yard. It amounted to no more than it would to prove that the property receipted for was not attachable.

The rule of law here contended for, if established by this court, will subserve the ends of justice, as regards sheriff, receipter, creditor and debtor. But the contrary rule, though apparently sustained by some decision, which may, however, as to this point, be fairly termed *obiter dicta*, would frequently work a hardship to the sheriff or creditor, in cases where the receipter should, in fact, be the sufferer.

---

Hill *v.* Wiggin.

---

But the plaintiff made a valid attachment. All the objections to its validity must fail.

1. Osgood had an attachable interest in the property, notwithstanding the mortgage to Messer. The doctrine that an attachment cannot be made of personal property, subject to a mortgage, so as to furnish a sufficient foundation for a receipt to the officer, whatever may be the amount of the mortgage debt, and whether the officer has previously called, or afterwards calls, legally on the mortgagee for an account or not, is at least quite new. It might naturally be supposed that the attachment, like a sale by the debtor, would cover whatever interest the debtor had. It is not necessary to cite authorities, and probably but few could be found either way. That the property was incumbered is no concern of this defendant. Messer, doubtless, had rights, in connection with the coach and sleigh, at the time of the attachment, though it does not appear to what extent, but he never meddled with the property, and his mortgage is discharged, and was when this suit was brought. He can claim nothing now by virtue of the mortgage, and much less can a third person. If this mortgage still subsisted, it could not avail the defendant until he showed that the property was incumbered to its full value, nor even then. The suggestions heretofore made in this brief, in relation to a receipt given where the property attached belonged to a third person, are conclusive upon this part of the case. If the defendant had taken the property into his possession, and it had been lawfully taken from him by Messer, it would seem that this would be a good defence. But if Messer now had a subsisting mortgage, and to the full value, this would not justify the defendant in refusing to deliver the property to the sheriff. And as the defendant never had the property in his hands, he certainly can stand no better than in the case last supposed. But all this is unnecessary talk, when it is remembered that the Messer mortgage was discharged long before the commencement of this action. So if Os-

good had not, in the meantime, parted with his interest, the plaintiff, at the time he received the execution, might, so far as this mortgage is concerned, have levied on the coach and sleigh.

2. Osgood had an attachable interest in the property, notwithstanding his ownership was in partnership with Little. This is settled. The cases, in our reports, in which this question has arisen or been adverted to, are *Tappan* v. *Blaisdell*, 5 N. H. Rep. 190; *Gibson* v. *Stevens*, 7 N. H. Rep. 352; *Morrison* v. *Blodgett*, 8 N. H. Rep. 238; *Page* v. *Carpenter*, 10 N. H. Rep. 78; *Lovejoy* v. *Bowers*, 11 N. H. Rep. 404; *Dow* v. *Sayward*, 12 N. H. Rep. 271; *French* v. *Lovejoy*, 12 N. H. Rep. 458; *Dow* v. *Sayward*, 14 N. H. Rep. 12; *Newman* v. *Bean*, 1 Foster's Rep. 93; *Ferson* v. *Monroe*, 1 Foster's Rep. 462; *Jarvis* v. *Brooks*, 3 Foster's Rep. 136. The latest of these cases in which this point directly arose, is *Dow* v. *Sayward*, 12 N. H. Rep. 271; also reported in 14 N. H. Rep. 12. It is admitted to be sound law, that in all cases of attachment of partnership property, the partnership creditors have a preference over private creditors; but this is the right of the partnership creditors, and not of the other partners. *Thompson* v. *Lewis*, 34 Maine Rep. 167; *Jarvis* v. *Brooks*, 3 Foster's Rep. 146; Collyer on Partnership § 822, note 2. It certainly is not the right of a third person. The case at bar is not a conflict between different classes of creditors, nor even between any of the partners and the private creditors. Neither does it appear that the partnership was at any time indebted, and if it had been, it is submitted that this defendant could not take advantage of it.

The only possible ground upon which the defendant can escape is by virtue of the doctrine that, in such cases, the sheriff cannot seize and sell, and so cannot attach specific articles of partnership property, but only the interest of the execution partner, in all the effects of the firm, after the partnership debts are paid. Our first answer to this posi-

tion is, that where there are no partnership debts, or where the partnership creditors claim nothing from the property, it is at the option of the private creditor to attach as much or as little as he pleases, and the debtor's interest in what he does attach shall be held. It is for the interest of the firm that as little as may be should be attached, and if not for their interest they cannot complain; and if they could, they do not complain here. The partnership creditors only have a right to be heard, and they do not choose to exercise that right. See authorities last cited. See also authorities cited at the end of this brief. Our second answer is, that it does not appear that Little & Osgood were ever possessed of any other property in partnership, and so, for aught that appears, all the interest that Osgood had in the property of the firm was in the coach and sleigh, and all his interest in the firm was, therefore, attached. It being perfectly clear that Osgood's interest in the property could, in some way, have been attached by the plaintiff, the question arises, did he attach it? The case does not find that he took possession of the property, but that he attached it. This may or may not be regarded as an attachment of the *corpus* of the property. It certainly was an attachment of whatever interest Osgood had. There was, therefore, a good consideration for the defendant's contract to return the property, and he is answerable in this action; for, first, he did not return the property at all; at all events, he did not return it till after Osgood had parted with his interest. It may also be remarked that the only pretence of a return was not till after the plaintiff's right of action had accrued.

Innumerable cases are to be found in the United States Digest, which go to the extent contended for by the plaintiff, and much further, most of which, however, were reported previous to the later decisions in this State. Some of those decisions are still later, and directly in point. " The goods of a firm may be attached at the suit of a creditor of one of the partners, and seized on execution. And

Hill *v.* Wiggin.

the share of that partner, not merely in any surplus which might remain after the debts of the partnership were paid, but in the goods themselves may be sold, unless the partnership creditors, or some injured partner, shall assert their superior claims. *Thompson* v. *Lewis*, 13 Maine, 4 Red. 167, cited in 13 U. S. Digest, Partnership 57.

" Under an execution against one of two partners, the sheriff may seize the goods of the firm, and sell the interest of the judgment debtor, in which case the vendee will hold the goods in common with the other partners." *United States* v. *Williams*, 4 McLean 236, cited in 12 U. S. Dig. Partnership 74.

See also 1 Parsons on Contracts 176 ; Collyer on Partnership, §§ 822, 824 and notes; Story on Partnership, §§ 261, 262, 263, 264, 311, 322 and notes; Story's Eq. Jurisprudence, §§ 677, 678, and notes; 3 Kent's Com. 65, and notes.

*Hutchinson* and *J. Bell*, for the defendant.

1.   The defendant has surrendered the property for which he receipted to the true owners, Little & Osgood, and that constitutes a perfect defence. See *Webster* v. *Harper*, 7 N. H. Rep. 594 ; *Barron* v. *Cobleigh*, 11 N. H. Rep. 562 ; *Sawyer* v. *Mason*, 1 App. Rep. 49 ; *Learned* v. *Bryant*, 13 Mass. Rep. 224 ; *Dennie* v. *Willard*, 11 Pick. Rep. 519 ; *Fisher* v. *Bartlett*, 8 Greenl. Rep. 122 ; Story on Bailments 98.

2.   There could have been no valid attachment of this partnership property on a writ against Osgood, who was one of the partners. *Gibson* v. *Stevens*, 7 N. H. Rep. 352 ; *Dow* v. *Sayward*, 12 N. H. Rep. 271 ; and the case is the same in principle as if the property had been wholly owned by some third party, to whom it had been delivered by the receipter. The attachment was not of Osgood's interest in the partnership generally, but of specific articles of property.

3.   The tender of the property, by the defendant, subse-

quently to the demand, was sufficient, and the plaintiff
should have received it.   *Currier* v. *Currier*, 2 N. H. Rep.
77; *Chase* v. *Flanders*, 2 N. H. Rep. 417; *Trabue* v. *Kay*,
4 Bibb 226, (1 U. S. Dig. 130.)

There was no refusal, but a mere omission of the defen-
dant to deliver the property, and before the attachment ex-
pired, he tendered it to the plaintiff, which was sufficient,
as the defendant was not to be expected to have property of
this character with him, and it does not appear that the de-
mand was either at his dwelling-house or where the property
was, and as the plaintiff, when he made the demand, ap-
pointed no time and place for its delivery.   *Mason* v. *Briggs*,
16 Mass. Rep. 453; *Goodwin* v. *Holbrook*, 4 Wend. 377.

BELL, J.  The attachment might be invalid as against
the rights of Messer, but we are of opinion that Messer
alone, or those who hold under him, can take advantage of
this defect.  If he does not complain, no one else can on
this account.   *Scott* v. *Whittemore*, 7 Foster's Rep. 309.

It is agreed that the defendant, Osgood, in the original
action, was a partner in business of one John E. Little, and
that he and Little, at the time of the attachment, owned
the coach and sleigh, attached by the plaintiff in partner-
ship.

By the practice of the courts of this State, until a recent
period, and by the law as it always had been understood,
and as it is still held elsewhere, " it was, undoubtedly, the
practice to levy on execution against one of several part-
ners, upon all or a part of the goods which belonged to the
partnership."   In the case of *Morrison* v. *Blodgett*, 8 N. H.
Rep. 238, decided in 1836, it was laid down by this court,
that " this practice, which formerly prevailed, cannot be
supported under the views now very generally taken of the
rights and liabilities of partnership creditors and partners."
And, in that case, it was decided that " a sheriff upon a de-
mand against one partner, for his private debt, cannot seize

the goods of the partnership and exclude the other partners from the possession." The same principle. was recognized in *Page* v. *Carpenter*, 10 N. H. Rep. 77, and in *Doe* v. *Sayward*, 14 N. H. Rep. 9, though it was there held that " the interest of one partner in the property. of the firm, though incapable of actual seizure and reduction into possession, is liable to attachment and levy and sale on execution."

The same views were carried out by the court to their consequences in *Newman* v. *Bean*, 1 Foster's Rep. 93, where it was held that " the interest of a partner is not an interest in the specific articles held by the firm, but only an interest in the surplus after the debts of the firm have been paid. An action may be maintained against a third person, who seizes goods on execution belonging to a firm, for the debt of an individual partner."

It has never been explained, so far as is known, how any attachment or levy can be made without an actual seizure of goods and chattels, and their reduction into possession by the officer, as suggested in *Doe* v. *Sayward;* and the effect of these decisions has practically been to exempt partnership property from any liability for the debts of the individual partners, and many embarrassed debtors, as might be expected, own no property except in partnership, and creditors find themselves unable to reach the property of their debtors, however ample it may be, from the want of any process by which it can be readily and effectually seized and applied. The mischiefs and inconveniences resulting from the present state of the law seem to be of a serious character, and the long list of cases cited by the plaintiff, in which the court have had occasion to consider this question, might, perhaps, be regarded as evincing the unwillingness of the profession to acquiesce in these decisions.

But the doctrines laid down in these cases are still held by a majority of the court, and they must, therefore, be regarded as the law for the present case.

The sheriff, having attached and taken into his possession property supposed to be liable to attachment, and delivered it to a receipter, is entitled to demand it of the receipter, and if it is not delivered to him, to recover its value, in ordinary cases, because he is accountable to others for it, whether it was attached rightfully or otherwise. His title, however defective it may be as to others, is good enough against his own bailee. If the creditor recovers an execution in his action against the owner of the property attached, the sheriff may be accountable to him. If he fails in his suit, the sheriff may be liable to return the property to the debtor. If the property attached is the property of a stranger, or is subject to any lien or claim of a stranger, the sheriff may be liable to him for its value. But if the receipter suffer the property to go into the hands of the owner, either the debtor or a stranger, or of any mortgagee, or other person entitled to the possession, and to whom the sheriff would, under the circumstances, be himself liable, if he had the property in his own hands, that fact appearing in evidence, constitutes a sufficient defence for the receipter, because it shows that the sheriff is no longer liable over for the property, except in those cases where the property is holden, and is required to satisfy the judgment in the action in which the attachment was made. *Webster* v. *Harper*, 7 N. H. Rep. 596; *Whitney* v. *Farwell*, 10 N. H. Rep. 9; *Scott* v. *Whittemore*, 7 Foster's Rep. 309.

In the present case, the receipter did not, in fact, take the property in question into his possession, but suffered it to remain in the possession of the partners to whom it belonged, and they have since severally conveyed their interest to Prescott, from whom the title has passed to Burnham, and Burnham now has the property in his possession. As the sheriff cannot reclaim or retake this property from Burnham, he can, consequently, maintain no action against his receipter.

There is a class of cases where an attachment is regarded

as merely nominal, where the receipter is not permitted to deny the attachment, as if a party give a receipt for property not in being, or to which the debtor is known by the receipter to have no title. In such a case, the receipter cannot defend himself by any evidence relative to the state of the property. *Morrison* v. *Blodgett*, 8 N. H. Rep. 238; *Bruce* v. *Pettingill*, 12 N. H. Rep. 344; *Webb* v. *Steele*, 13 N. H. Rep. 230.

The evidence does not show this case to be one of the class referred to, and the language of the receipt seems inconsistent with that idea.

The demand made upon the receipter was sufficient to fix his liability. *Webb* v. *Cargill*, 10 N. H. Rep. 199; *Smith* v. *Brown*, 14 N. H. Rep. 67; *Towle* v. *Robinson*, 15 N. H. Rep. 408. It made no difference that the defendant afterwards showed the plaintiff the property, and told him to take it. *Scott* v. *Whittemore*, 7 Foster's Rep. 309. The liability attached would not be relieved by that act.

The present case seems to illustrate the mischiefs of the law, as it has been lately held, since there is here nothing tending to show the existence of any debts of the partnership, or any lien of the partner.

*Judgment for the defendant.*